## UNITED STATES BANKRUPTCY COURT
### DISTRICT OF DELAWARE



**BRENDAN LINEHAN SHANNON**
**JUDGE**

**824 N. MARKET STREET**
**WILMINGTON, DELAWARE**
**(302) 252-2915**

August 3, 2026

Elizabeth A. Trachtman, Esquire
Orlans Law Group PC
4250 Lancaster Pike, Suite 140
Wilmington DE  19805

Peter K. Schaeffer, Jr., Esquire
20184 Coastal Highway, Suite 205
Rehoboth Beach, DE  19971

> Re:   In re Cynthia H. Davis
>        Case No.  25-12162 (BLS)

Dear Counsel:

This letter follows upon a hearing held on June 30, 2026 in the above matter.  The Debtor has proposed a Chapter 13 Plan (the "Plan")[1] to which Carrington Mortgage Services, LLC ("Carrington") has objected.[2]  For the reasons that follow, the Court will overrule Carrington's objection.

The record reflects that the Debtor's husband entered into a reverse mortgage with Carrington in 2015.  The reverse mortgage is secured by a security interest on real property located in Dover, Delaware which is the Debtor's primary residence.  Debtor's husband was the only signatory on the loan documents with Carrington.

Debtor's husband passed away prior to the filing of this Chapter 13 case.  The record reflects that the case was commenced by the Debtor to afford her the opportunity to cure arrearages in the approximate amount of $7,000, consisting of certain unpaid tax and insurance debts.  The Debtor's Plan proposes to cure the prepetition arrearage through the Plan while paying any post-petition obligations directly to Carrington.

---

[1] Docket No. 2.
[2] Docket No. 10.

Elizabeth A. Trachtman, Esquire
Peter K. Schaeffer, Jr., Esquire
August 3, 2026
Page 2

Carrington asserts in its objection that the loan covered by the reverse mortgage has accelerated on account of the $7,000 in arrears described above.  It contends therefore that full payment on the loan is now due in the amount of $144,848, plus interest.  The Debtor responds that she is entitled under § 1322(b)(5) to cure the arrearages through her Plan without acceleration of the principal on the mortgage debt.

While the Debtor was not a signatory to the loan documents, as the surviving spouse she may enjoy the right to continue to perform under the mortgage.  Specifically, the loan documents attached to Carrington's proof of claim provide as follows:

**6.    IMMEDIATE PAYMENT-IN-FULL**
(A) Death

(i)      Except as provided in Paragraph 6(a)(ii), Lender may require immediate payment in full of all outstanding principal and accrued interest if a Borrower dies and the Property is not the Principal Residence of at least one surviving Borrower.

(ii)     Deferral of Due and Payable Status.  Lender may not require immediate payment in full of all outstanding principal and accrued interest if the Property is the Principal Residence of a Non-Borrowing Spouse identified in this Note and provided the following conditions are, and continues to be, met:

a.   Such Non-Borrowing Spouse remained the spouse of the borrower, identified in this document, for the duration of the Borrower's lifetime;
b.   Such Non-Borrowing Spouse has occupied, and continues to occupy, the Property securing this Note as [his/her] Principal Residence;
c.   Such Non-Borrowing Spouse has established legal ownership or other ongoing legal right to remain in the Property securing this Note;
d.   All other obligations of the Borrower under this Note, the Loan Agreement and the Security Instrument continue to be satisfied; and
e.   This Note is not eligible to be called Due and Payable for any other reason.

Elizabeth A. Trachtman, Esquire
Peter K. Schaeffer, Jr., Esquire
August 3, 2026
Page 3

    (iii)    Should a Non-Borrowing Spouse fail to meet any of these conditions for deferral of Due and Payable Status, the deferral of the Due and Payable status shall cease, and the mortgage will become immediately due and payable in accordance with the provisions of Paragraph 6(A)(i) of this Note.

It is Carrington's position that, since there was an existing default (in the amount of approximately $7,000 at the time of her husband's death, she is obliged to satisfy the mortgage in full.  Section 6(A)(ii)(d) requires that "all other obligations of the Borrower … continue to be satisfied."  Since certain obligations were outstanding, Carrington reasons that the Note has been accelerated and is due in full.

However, nothing in the record indicates that Carrington elected to accelerate the obligations under the Note prior to the commencement of this case.  The loan documents provide Carrington with the option to accelerate the Note upon a borrower's death ("lender may require immediate payment in full"), but Carrington would have been obliged to act to accelerate the Note.  It did not do so, and the automatic stay imposed under § 362(a) upon the Debtor's filing operates to preclude Carrington from accelerating the debt after the filing without leave of court.[3]

Accordingly, the Debtor may treat the prepetition arrearages under her Plan, which currently contemplate payment in full of those obligations over the life of the Plan.  Carrington's legal rights are respected and properly provided for under the Debtor's Plan.  Carrington's objection to the Plan is overruled.  An appropriate order follows.

        Very truly yours,

        BRENDAN LINEHAN SHANNON
        UNITED STATES BANKRUPTCY JUDGE

cc:      William F. Jaworski, Esquire
           Chapter 13 Trustee

---

[3] The Court does not reach the Debtor's alternative argument that, even if the loan were properly accelerated prior to the filing, she still may cure the arrearage under her Plan and otherwise remain current on post-petition obligations.